# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Vladimir G., | File No. 26-CV-2971 (JMB/ECW) |
| Petitioner, | |
| v. | |
| David Easterwood, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Markwayne Mullin, *Secretary of the U.S. Department of Homeland Security*; David J. Venturella*, Acting Director of U.S. Immigration and Customs Enforcement*; Todd Blanche, *Acting Attorney General of the United States*; James Tadman, *Polk County Sheriff*; Joey Pederson, *Northwest Regional Corrections Center Jail Administrator*, | **ORDER** |
| Respondents. | |

Solomon Daniel Steen, Contreras Edin Law, P.A., Saint Paul, MN, for Petitioner Vladimir G.

David W. Fuller and Carl Berry, United States Attorney's Office, Minneapolis, MN, for Respondents David Easterwood, Markwayne Mullin, David J. Venturella, and Todd Blanche.

1

This matter is before the Court on Petitioner Vladimir G.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names as Respondents David Easterwood, Markwayne Mullin, David. J. Venturella, Todd Blanche (together, the Federal Respondents), James Tadman, and Joey Pederson (together with the Federal Respondents, Respondents).  (Doc. No. 1).   For the reasons explained below, the Court grants the Petition.

### FINDINGS OF FACT

1.      Vladimir G. is a 31-year old native and citizen of Ecuador.  (Pet. ¶ 6; Doc. No. 7-2 at 1.)

2.      In 2021, Vladimir G. entered the United States with his wife and son without inspection or parole.  (Pet. ¶¶ 6, 21.)

3.      Vladimir G. has no criminal history.  (*Id.* ¶ 23.)

4.      Vladimir G. has no pending immigration documents or applications seeking to change or establish his status in the United States.  (*See* Pet.)

5.      On June 12, 2026, around 6:50 a.m., while Vladimir G. was driving to work as a roofer at a construction site in Bemidji, Minnesota, three Immigration and Customs Enforcement (ICE) vehicles stopped the vehicle in which Vladimir G. traveled, identified themselves, and spoke with Vladimir G.  (Pet. ¶¶ 7, 22; Doc. No. 7 ¶ 5; Doc. No. 7-2 at 3.)

6.      Vladimir G. "freely admitted" to ICE agents that he did not have legal status

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

in the United States.  (Doc. No. 7-2 at 2; Doc. No. 7 ¶ 5.)

7.      ICE agents drew up a Form I-200 administrative warrant, which on its face, states that it was issued pursuant to 8 U.S.C. § 1226.  The agents then served Vladimir G. with this warrant and executed this administrative warrant, arresting him and transporting him to a facility in Grand Forks, North Dakota for booking.  (Doc. No. 7 ¶ 6.)

8.      After his arrest and transportation, ICE agents determined that Vladimir G. might be subject to mandatory detention under 8 U.S.C. § 1225 "because he is a[] [non-citizen] seeking admission."  (Doc. No. 7 ¶ 7.)

9.      ICE officers then issued a Form I-862 Notice to Appear (NTA), which charged him as being removable under Immigration and Nationality Act (INA) §§ 212(a)(6), (a)(7) for being in the United States without a valid immigrant visa, entry permit, border crossing card, or other valid entry document.  (Doc. No. 7 ¶ 7; Doc. No. 7-3 at 1, 4.)

10.     Vladimir G. remains detained in the Northwest Regional Corrections Center in Crookston, Minnesota.  (Pet. ¶¶ 7, 14.)

11.     Vladimir G. is scheduled to appear before an immigration judge in his removal proceedings on July 10, 2026.  (Doc. No. 7-3 at 1.)

12.     On June 16, 2026, Vladimir G. filed his Petition.  (*See* Pet.)

13.     On June 17, 2026, the Court ordered Respondents to file a response to the Petition by or before 11:00 a.m. on June 19, 2026.  (Doc. No. 4.)

14.     The Federal Respondents timely filed a Response.  (Doc. No. 6.)

15.     Tadman and Pederson have not appeared.

## DISCUSSION

In his Petition, Vladimir G. seeks immediate release, arguing that his detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.[2]  For their part, the Federal Respondents argue that Vladimir G. is subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  For the reasons set forth below, the Court grants the Petition.

### A.     Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.   28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng*

---

[2] Vladimir G. also argues that he is a class member in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873 (SSS/BFM) (C.D. Cal.) and that his detention is in violation of the December 18, 2025 judgment in that matter, which provides that his detention is pursuant to 8 U.S.C. § 1226(a), not section 1225(b).  However, Vladimir G. acknowledges that the judgment is currently stayed pending appeal.  In light of its decision to grant the Petition on other grounds, the Court need not determine whether Vladimir G. is a member of the *Maldonado Bautista v. Santacruz* class.

4

*Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The

petitioner bears the burden of proving that his detention is illegal by a preponderance of

evidence.  *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B.    Actual Basis for Arrest and Detention**

It is an undisputed matter of fact that the Federal Respondents arrested Vladimir G.

pursuant to their discretionary authority under 8 U.S.C. § 1226.    The Form I-200

administrative warrant was directed to "[a]ny immigration officer authorized pursuant to

sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8,

Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc.

No. 7-1.)  In response to the Petition, however, the Federal Respondents advance a different

basis for the arrest and detention of Vladimir G., 8 U.S.C. § 1225(b)(2)(A), as interpreted

by *Avila v. Bondi*, 170 F.4th 1128, 1133–35 (8th Cir. 2026) (concluding that section

1225(b)(2) requires the mandatory detention non-citizens, without any individualized

determination and regardless of whether the non-citizen is encountered at the border at the

time of entry or in the interior of the United States months, years, or decades after entry).

This Court concludes that the Federal Respondents cannot now change the basis for

the arrest of Vladimir G.  He was arrested under section 1226 alone, and the Federal

Respondents advance no legal argument to support the proposition that they can alter this

fact through filing of their written responsive submissions.  Thus, just as it is stated in the

Form I-200 on which the arrest and detention is based, the Court concludes that the Federal

Respondents have detained Vladimir G. pursuant to the framework of 8 U.S.C. § 1226.

*See, e.g., Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at

5

*2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where Form I-200 warrant served during petitioner's arrest represented that detention was pursuant to section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (same); *see also Espinoza-Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at *1–3 (D. Neb. May 19, 2026).

### C.    Invalidity of Warrant

Having determined that the Federal Respondents have detained Vladimir G. pursuant to section 1226, the Court next considers whether Vladimir G. was brought into custody pursuant to a valid warrant or pursuant to an authorized warrantless arrest.  For the reasons discussed below, the Court concludes he was not.

Pursuant to 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, a [non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States."  8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (quotation omitted)).  A Form I-200 is an administrative arrest warrant which authorizes a non-citizen's arrest if it is issued "*[a]t the time of issuance* of the [NTA], *or at any time thereafter* and up to the time removal proceedings are completed."  8 C.F.R. § 236.1(b) (emphasis added).  Putting both rules together, DHS may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time or after DHS issues an NTA.  *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1).

6

In this case, the Federal Respondents did not follow this sequence. The record presented establishes that the Federal Respondents generated the NTA *after* the Form I-200 warrant; in a sworn declaration, Steven Draves, an ICE Supervisory Detention and Deportation Officer, avers that an ICE agent drew up the Form I-200 warrant upon encountering Vladimir G. and speaking with him during a traffic stop, and that the NTA was drawn up only after Vladimir G. had been taken into custody and was in booking. (Doc. No. 7 ¶¶ 6–7; *see also* Doc. No. 7-2 at 3.) Thus, the Court concludes that the Form I-200 warrant was plainly invalid under 8 C.F.R. § 236.1(d), and Vladimir G.'s arrest was effected without a required warrant.

Because Vladimir G.'s arrest was pursuant to an invalid warrant and therefore unlawful, immediate release is the appropriate remedy. *See Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927–28, (S.D. Iowa 2026) (concluding ICE had no authority to arrest petitioner relying on Form I-200 that issued before the NTA); *Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) (granting petition on grounds that detention under section 1226(a) was unlawful where Form I-200 "was not issued until after [petitioner's] arrest and initial detention"); *see also, e.g.*, *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking following arrest in the field); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" for arrest effected in absence of valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (concluding DHS's detention of petitioner under section 1226(a) was unlawful because

DHS arrested petitioner pursuant to a Form I-200 that was invalid by virtue of being issued prior to issuance of NTA); *Marinero v. Bondi*, No. 26-CV-1007 (JMG), 2026 WL 357653, at *1 (D. Minn. Feb. 9, 2026) ("[I]ssuing an administrative warrant after an arrest . . . isn't good enough to trigger § 1226(a).").

To the extent that the Federal Respondents alternatively seek to justify Vladimir G.'s arrest under the warrantless arrest provisions of 8 U.S.C. § 1357(a), the Court cannot agree because the record presented cannot support the necessary finding of probable cause.

Section 1357 permits an immigration officer to "arrest any [non-citizen] in the United States" without a warrant "if he has reason to believe that [1] the [non-citizen] . . . is in the United States in violation of any such law or regulation *and* [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit has interpreted the term "reason to believe" in section 1357(a)(2) to "mean[] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). Here, the record presented contains no evidence to satisfy the second prong. The Federal Respondents urge the Court to adopt a per se rule that any non-citizen who an officer believes is removable and who is in a vehicle is "likely to escape." (Doc. No. 6 at 21.) However, the Federal Respondents do not provide any legal support for this novel rule, which would effectively render the second statutory requirement meaningless and which would violate constitutional due process. *E.g.*, *Quintana*, 623 F.3d at 1239. In addition, the facts here are distinguishable from *Quintana*, where officers had reason to believe the non-citizen was likely to escape because they were unable to verify his identity, were unable to validate his claims of legal entry into the United States, and

8

where the non-citizen was suspected of a criminal drug-trafficking offense. *Id.* at 1240–41. Here, the record shows that Vladimir G. was forthcoming and honest with ICE agents about his immigration status; that Vladimir G. had no criminal history; that, even before initiating the encounter with Vladimir G., ICE agents had been surveilling and inspecting Vladimir G. and his co-workers, and knew where Vladimir G. was staying and where he was working. (*See* Doc. No. 7-2 at 2.) Further, it is clear from the Form I-213, which notes that Vladimir G. was "served with an I-200 Warrant," that officers did not believe they were undertaking a warrantless arrest and they did not make any mention of any fear of Vladimir G.'s likelihood of escape. (*See* Doc. No. 7-2.)

Thus, Vladimir G.'s detention was unlawful and he is entitled to release.[3]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

---

[3] Although the Court need not address the question of whether Valdimir G.'s detention without bond violates the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in Vladimir G.'s favor. Vladimir G. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting, and his separation from his wife and child); the risk of erroneous deprivation through incarceration is needlessly high when inexpensive procedures such as a bond hearing protect against erroneous deprivations of liberty and separation of families; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community. Thus, Vladimir G.'s ongoing detention is also unlawful for this reason as well. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

1.   Respondents are ORDERED to release Petitioner Vladimir G. <u>immediately</u> in Minnesota, and in any event no later than <u>4:00 p.m. CT on June 23, 2026</u>.

2.   On or before <u>11:00 a.m. CT on June 24, 2026</u>, counsel for Respondents shall file a letter affirming that they have released Petitioner Vladimir G.

3.   On or before <u>11:00 a.m. CT on June 24, 2026</u>, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4.   Petitioner Vladimir G. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5.   To the extent Petitioner Vladimir G. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  June 22, 2026                                    /s/ *Jeffrey M. Bryan*
                                                        Judge Jeffrey M. Bryan
                                                        United States District Court

10